

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

**BRANDEN HALL BEY**,
Plaintiff,

v.

**JOHN DOE 1**, Police Officer, San Juan Puerto Rico Police Bureau, in his individual capacity;
**JOHN DOE 2**, Police Officer, San Juan Puerto Rico Police Bureau, in his individual capacity;
**JANE DOE 1**, Supervisory Officer, San Juan Puerto Rico Police Bureau, in her individual capacity;
**and other unknown defendants**,
Defendants.

---

**CIVIL ACTION NO.:** 26-cv-1062 (GMM)

**JURY TRIAL DEMANDED**

---

**COMPLAINT:**

42 U.S.C. § 1983

---

## I. JURISDICTION AND VENUE

1. This action arises under the Constitution and laws of the United States, including **42 U.S.C. § 1983**.

2. This Court has jurisdiction pursuant to **28 U.S.C. §§ 1331 and 1343**.

3. Venue is proper in this District under **28 U.S.C. § 1391(b)** because the events giving rise to this action occurred in Puerto Rico.

---

## II. PARTIES

4. Plaintiff **Branden Hall Bey** holds lawful Citizenship in the United States by birth.

5. Plaintiff's contact information is as follows:
   **Address:** 193 Calle Palestina, Bda. Israel, San Juan, Puerto Rico 00917
   **Email:** dueprocessforbrandens@gmail.com
   **Phone:** (213) 304-7558

6. Defendants **John Doe 1** and **John Doe 2** are police officers employed by the San Juan Police Bureau and were acting under color of state law.

7. Defendant **Jane Doe 1** is a supervisory officer responsible for training, supervision, or oversight of subordinate officers.

8. All defendants are sued **in their individual capacities**.

9. The true names of the Doe defendants are presently unstated and will be substituted when known in full.

## III. FACTUAL ALLEGATIONS

10. On **February 6, 2025**, Plaintiff appeared in person at the San Juan courthouse for a scheduled civil hearing.

11. The opposing party in the civil matter failed to appear for the scheduled hearing.

12. While Plaintiff remained at the courthouse, law enforcement officers instructed Plaintiff to stay on site.

13. Plaintiff was **arrested on February 6, 2025**, without a warrant and without probable cause.

14. The arrest was based on allegations arising from the same facts underlying the pending civil matter.

15. Defendants failed to independently corroborate the allegations prior to arrest.

16. Plaintiff was restrained, detained, and deprived of his liberty.

17. **At the time Plaintiff was required to provide a written statement to law enforcement, Plaintiff was restrained in handcuffs, under arrest, and not free to leave. Plaintiff's written statement was obtained while he was under custodial control and coercive conditions.**

18. A criminal investigation followed Plaintiff's arrest.

19. **During the course of the post-arrest investigation, two separate prosecutors of the Commonwealth of Puerto Rico reviewed the allegations and evidence and independently determined that there was no probable cause and insufficient evidence to pursue criminal charges against Plaintiff.**

20. **On or about February 11, 2025, the investigation was closed and no criminal charges were filed.**

21. **No independent referral was made to any child protective or child welfare agency in connection with the investigation, further reflecting the absence of substantiated evidence supporting the allegations underlying Plaintiff's arrest.**

22. Plaintiff was never convicted of any offense arising from the arrest.

23. Plaintiff suffered damages including loss of liberty, emotional distress, reputational harm, and economic loss.

24. Defendants' actions violated Plaintiff's rights under the United States Constitution.

## IV. CAUSES OF ACTION

### COUNT I

**False Arrest and Unlawful Seizure**
(Fourth Amendment – 42 U.S.C. § 1983)

25. Plaintiff incorporates paragraphs 1–24.

26. Defendants arrested Plaintiff **without probable cause**.

27. Plaintiff was unlawfully seized in violation of the **Fourth Amendment**.

28. Defendants are liable for damages proximately caused by this unlawful arrest.

### COUNT II

**Malicious Prosecution**
(Fourth and Fourteenth Amendments – 42 U.S.C. § 1983)

29. Plaintiff incorporates paragraphs 1–28.

30. Defendants initiated or caused the initiation of criminal proceedings against Plaintiff.

31. The proceedings lacked probable cause.

32. The proceedings terminated in Plaintiff's favor.

33. Plaintiff suffered a deprivation of liberty as a result.

## V. DAMAGES

34. Plaintiff seeks compensatory damages for all injuries suffered.

35. Plaintiff seeks costs and attorney's fees pursuant to **42 U.S.C. § 1988**.

## VI. DECLARATORY RELIEF

36. Plaintiff seeks a declaration that Defendants violated his rights under the United States Constitution.

## VII. JURY DEMAND

37. Plaintiff demands a trial by jury on all issues so triable.

## VIII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court:

A. Enter judgment in favor of Plaintiff;
B. Award compensatory damages;
C. Award costs and attorney's fees;
D. Grant declaratory relief;
E. Grant such other relief as the Court deems just and proper.

## IX. VERIFICATION

I, **Branden Hall Bey**, declare under penalty of perjury that the foregoing Complaint is true and correct to the best of my knowledge, information, and belief.

Executed on this 6 day of February, 2026, at San Juan, Puerto Rico.

**Branden Hall Bey**
Plaintiff, In his own right.

c/o 193 Calle Palestina
Bda. Israel
San Juan, Puerto Rico 00917

E-mail: dueprocessforbrandens@gmail.com

Phone: (213) 304-7558