UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

**BRANDEN HALL BEY,**
Plaintiff,

v.

**KEVIN CARDE ROSADO**, Police Officer (Placa 36304), Puerto Rico Police Bureau, in his individual capacity;
**JOHN DOE 1**, Police Officer, Puerto Rico Police Bureau, in his individual capacity;
and other unknown defendants,
Defendants.

**CIVIL ACTION NO.: 26-CV-1062**
**JURY TRIAL DEMANDED**

**VERIFIED COMPLAINT AND CLAIM FOR DAMAGES AND DECLARATORY RELIEF**

**42 U.S.C. § 1983**

## I. JURISDICTION AND VENUE

1. This action arises under the Constitution and laws of the United States, including 42 U.S.C. § 1983.

2. This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343.

3. This Court has supplemental jurisdiction over Plaintiff's Puerto Rico law claims pursuant to 28 U.S.C. § 1367, as those claims arise from the same nucleus of operative facts as the federal claims.

4. Venue is proper in this District under 28 U.S.C. § 1391(b) because the events giving rise to this action occurred in Puerto Rico.

## II. PARTIES

5. Plaintiff Branden Hall Bey is a natural person and a Citizen of the United States of America.

6. Plaintiff's contact information is as follows:
   193 Calle Palestina, Bda. Israel
   San Juan, Puerto Rico 00917
   Email: dueprocessforbrandens@gmail.com (Preferred means of access)
   Phone: (213) 304-7558 (temporarily inaccessible)

7. Defendant Kevin Carde Rosado (Placa 36304) is a police officer employed by the San Juan Division of the Puerto Rico Police Bureau and was acting under color of state law at all relevant times.

8. Defendant John Doe 1 is a police officer employed by the San Juan Division of the Puerto Rico Police Bureau whose identity is presently unknown and who participated in the events described herein.

9. All defendants are sued in their individual capacities.

10. The true names of the Doe defendants will be substituted when ascertained.

## III. FACTUAL ALLEGATIONS

11. On February 6, 2025, Plaintiff appeared in person at the San Juan courthouse for a scheduled civil hearing.

12. The opposing party in the civil matter failed to appear for the scheduled hearing.

13. While Plaintiff remained at the courthouse, law enforcement officers contacted Plaintiff by telephone to confirm that he was still present following the postponement of the hearing due to the nonappearance of the accuser.

14. Plaintiff complied with all instructions and remained available and present at the courthouse.

15. Defendant Kevin Carde Rosado (Placa 36304), acting under color of state law and purportedly under the authority of Puerto Rico's domestic violence statute, effectuated Plaintiff's arrest without a warrant.

16. Official police records identify Defendant Kevin Carde Rosado as the arresting officer responsible for Plaintiff's detention.

17. At the time of arrest, Defendants lacked reasonable grounds to believe that Plaintiff had committed a criminal offense, and no probable cause existed to justify the seizure.

18. The allegations forming the basis of the arrest arose from the same underlying facts as the pending civil dispute, which was known or should have been known to Defendants.

19. Prior to the events of February 6, 2025, Plaintiff had made multiple reports and in-person contacts with law enforcement between October and December 2024 regarding an ongoing domestic and custodial dispute involving the same parties.

20. In those reports, Plaintiff provided his contact information and made himself available for interview and cooperation with law enforcement.

21. Plaintiff had personally appeared at a police station in October 2024 and reported incidents involving the same accuser, including allegations that Plaintiff had been followed, attacked, and chased, and that the accuser had sent numerous threatening and derogatory messages to Plaintiff and including the use of *extreme racial slurs* directed at the Plaintiff.

22. Plaintiff voluntarily reported the "breaking news" or *emergence* of these incidents to the San Juan Division of the Puerto Rico Police Bureau prior to the commencement of any civil, criminal or administrative process or proceeding based on allegations from the same accuser against the Plaintiff.

23. Plaintiff's reports were made in good faith and fall within the protections afforded to individuals reporting child welfare concerns under Puerto Rico law.

24. The investigating officer who prepared the official police report in this matter recalled Plaintiff's earlier report and specific details from those interactions, including a message sent to Plaintiff stating "hahaha" in response to Plaintiff reporting that he had been forced to flee after being attacked.

25. Despite the investigating officer's knowledge of Plaintiff's prior reports and the existence of relevant communications, Defendants failed to review, reconcile, or incorporate this information into their assessment prior to effectuating the arrest.

26. Upon information and belief, such information was available within law enforcement records and accessible to Defendants at the time of Plaintiff's arrest.

27. Rather than utilize readily available information or conduct basic investigative steps, Defendants elected to arrest Plaintiff without first scheduling a voluntary interview to discuss the matter, assess Plaintiff's account, or reconcile prior reports.

28. Defendants failed to obtain independent corroboration of the allegations and instead relied on statements derived from individuals closely aligned with the accuser.

29. The only purported corroboration referenced in the police report was provided by an individual closely related to and aligned with the accuser, who had been designated by the accuser as a counselor or advisor, and who did not provide independent or reliable firsthand verification of the alleged conduct.

30. Defendants failed to verify the credibility, independence, or factual basis of such statements prior to arrest.

31. No exigent circumstances or urgent threat existed that would justify immediate arrest without further investigation.

32. Plaintiff was restrained, detained, and deprived of his liberty.

33. At the time Plaintiff was required to provide a written statement to law enforcement, Plaintiff was restrained in handcuffs, under arrest, and not free to leave. Plaintiff's written statement was obtained while he was under custodial control and coercive conditions.

34. A criminal investigation followed Plaintiff's arrest.

35. Plaintiff was placed in a holding cell for hours.

36. During the course of the post-arrest investigation, two separate prosecutors of the Commonwealth of Puerto Rico reviewed the allegations and evidence and independently determined that there was no probable cause and insufficient evidence to pursue criminal charges against Plaintiff.

37. On or about February 11, 2025, the investigation was closed and no criminal charges were filed.

38. No independent referral was made to any child protective or child welfare agency in connection with the investigation.

39. Plaintiff was never convicted of any offense arising from the arrest.

40. Plaintiff has never been found factually liable for the acts alleged in the arrest.

41. Defendants' actions were objectively unreasonable under the totality of the circumstances known at the time.

42. Defendants' actions were objectively unreasonable and not consistent with what a reasonable officer would do under similar circumstances.

43. Plaintiff suffered damages including loss of liberty, emotional distress, reputational harm, humiliation, embarrassment, and economic loss.

44. Defendants' actions violated Plaintiff's rights under the United States Constitution.

## IV. CAUSES OF ACTION

### COUNT I

**False Arrest and Unlawful Seizure**
(Fourth Amendment – 42 U.S.C. § 1983)

45. Plaintiff incorporates paragraphs 1–44.

46. Defendants arrested Plaintiff without probable cause.

47. Plaintiff was unlawfully seized in violation of the Fourth Amendment.

48. Defendants are liable for damages proximately caused by this unlawful arrest.

### COUNT II

**Malicious Prosecution**
(Fourth and Fourteenth Amendments – 42 U.S.C. § 1983)

49. Plaintiff incorporates paragraphs 1–48.

50. Defendants initiated or caused the initiation of criminal proceedings against Plaintiff.

51. The proceedings lacked probable cause.

52. The proceedings terminated in Plaintiff's favor.

53. Plaintiff suffered a deprivation of liberty as a result.

### COUNT III

**Violation of Substantive Due Process**
(Fourteenth Amendment – 42 U.S.C. § 1983)

54. Plaintiff incorporates paragraphs 1–53.

55. Defendants' actions in arresting Plaintiff without adequate investigation, in a known civil dispute context, and under circumstances lacking urgency or independent corroboration, constituted arbitrary and unreasonable government conduct.

56. Plaintiff was required to provide a written statement while restrained in handcuffs and under custodial control, further reflecting coercive and fundamentally unfair treatment.

57. Defendants' conduct deprived Plaintiff of liberty in a manner that shocks the conscience and violates substantive due process protections.

58. To the extent Plaintiff's rights are not fully addressed under the Fourth Amendment, Defendants' actions independently violated Plaintiff's Fourteenth Amendment rights.

59. Plaintiff suffered damages as a result.

---

## COUNT IV

### Puerto Rico General Tort Liability
(Article 1802, Puerto Rico Civil Code)

60. Plaintiff incorporates paragraphs 1–59.

61. Defendants, through negligent, reckless, and/or intentional acts and omissions, caused harm to Plaintiff.

62. Defendants' conduct, including arresting Plaintiff without adequate investigation, ignoring readily available exculpatory information, and depriving Plaintiff of liberty without justification, constituted fault or negligence under Puerto Rico law.

63. As a direct and proximate result of Defendants' actions, Plaintiff suffered damages, including emotional distress, reputational harm, humiliation, embarrassment, and economic loss.

64. Defendants are liable to Plaintiff for all damages under Article 1802 of the Puerto Rico Civil Code.

---

## V. DAMAGES

65. Plaintiff seeks nominal, compensatory, and punitive damages for all injuries suffered, including but not limited to moral damages, emotional distress, reputational harm, mental anguish, humiliation, embarrassment, and economic loss.

66. Plaintiff seeks costs and attorney's fees pursuant to 42 U.S.C. § 1988 and any other applicable provision of law.

---

## VI. DECLARATORY RELIEF

67. Plaintiff seeks a declaration that Defendants violated his rights under the United States Constitution.

---

## VII. JURY DEMAND

68. Plaintiff demands a trial by jury on all issues so triable.

---

## VIII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court:

A. Enter judgment in favor of Plaintiff;

B. Award compensatory damages;

**CIVIL ACTION NO.: 26-CV-1062**            Page **5** of **6**

C. Award punitive damages against the individual Defendants as permitted by law;

D. Award costs and attorney's fees;

E. Grant declaratory relief;

F. Grant such other relief as the Court deems just and proper.

---

## IX. VERIFICATION

I, Branden Hall Bey, verify under penalty of perjury that the foregoing is true and correct.

Executed on this _23_ day of ___April___, 2026.

**Branden Hall Bey**
Plaintiff, in his own right

**c/o**: 193 Calle Palestina
Bda. Israel
San Juan, Puerto Rico 00917

Email: **DueProcessForBrandens@gmail.com**
Phone: (213) 304-7558 (temporarily inaccessible)