**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| BRANDEN HALL-BEY,<br><br>Plaintiff<br><br>v.<br><br>KEVIN CARDÉ ROSADO, et al.,<br><br>Defendants. | **Civil No. 26-1062(GMM)** |

**OPINION AND ORDER**

Before the Court is defendant Kevin Cardé Rosado's ("Cardé-Rosado") *Motion to Dismiss for Failure to State a Claim* ("*Motion to Dismiss*"). (Docket No. 10). For the following reasons, the Court **GRANTS** the *Motion to Dismiss*.

## I. BACKGROUND

On February 6, 2026[1], Plaintiff Branden Hall-Bey ("Plaintiff") filed a *Complaint* pursuant to 42 U.S.C. § 1983 ("Section 1983") against two unknown police officers from the Puerto Rico Police Bureau ("PRPB") identified as John Doe 1 and John Doe 2, as well as a supervisory officer identified as Jane Doe 1. (Docket No. 1). On April 23, 2026, Plaintiff filed an *Amended Complaint* with the same set of facts previously alleged, but identifying Cardé-Rosado as one of the defendants together with John Doe 1 as an unknown police officer ("Defendants"). (Docket No. 3).

[1] Docketed on February 10, 2026.

Therein, Plaintiff alleges that on February 6, 2025, he appeared at the San Juan courthouse for a scheduled civil hearing where the opposing party failed to appear. (Id. at 2). He claims that while he was at the courthouse, he received a call from unidentified law enforcement officers to confirm that he was still there despite the postponement of the scheduled hearing. (Id.). Thereafter, Plaintiff alleges that, while at the courthouse, Cardé-Rosado arrested him "under the authority of Puerto Rico's domestic violence statute" and "without a warrant". (Id.). Plaintiff further alleges that the "allegations forming the basis of the arrest arose from the same underlying facts as the pending civil dispute, which was known or should have been known to Defendants." (Id.). He posits that between October and December 2024, he had filed multiple reports with law enforcement regarding ongoing domestic and custodial disputes involving the same parties. (Id.).

Furthermore, Plaintiff claims that despite "the investigating officer's knowledge" of his prior reports, Defendants failed to review and reconcile this information prior to arresting him. (Id. at 3). In that regard, Plaintiff alleges that the "investigating officer who prepared the official police report" recalled Plaintiff's earlier reports and specific details from those interactions. (Id.).

He claims that Defendants did not investigate the allegations and proceeded to arrest him without first scheduling a voluntary interview and "instead relied on statements derived from individuals closely aligned with the accuser." (Id.). Plaintiff adds that Defendants failed to obtain independent corroboration of the accuser's statements and to "verify credibility, independence, or factual basis of such statements prior to arrest." (Id.). In addition, Plaintiff alleges that he was detained and placed in a holding cell for hours. (Id.). Thereafter, he posits that "two separate prosecutors of the Commonwealth of Puerto Rico reviewed the allegations and evidence and independently determined there was no probable cause and insufficient evidence to pursue criminal charges against [him]". (Id.). For these alleged facts, Plaintiff seeks damages under Section 1983 for false arrest, malicious prosecution, and violation of his substantive due process rights under the Fourteenth Amendment to the United States Constitution. (Id. at 4). Plaintiff also seeks redress under Puerto Rico's general tort statute. (Id. at 5).

On July 27, 2026, Cardé-Rosado filed his *Motion to Dismiss* under Rule 12(b)(6) of the Federal Rules of Civil Procedure ("Rule 12(b)(6)"). (Docket No. 10). Therein, Cardé-Rosado argues that Plaintiff failed to state a cognizable Section 1983 claim since there was no arrest in violation of the Fourth Amendment of the

United States Constitution. (Id. at 7). Specifically, Cardé-Rosado cites Section 638 of Puerto Rico's Domestic Abuse Prevention and Intervention Act ("Law 54"), P.R. Laws Ann. tit. 8, § 638, to argue that this law allows law enforcement officers to make a warrantless arrest if they had probable cause to believe that the person committed any of the crimes numbered in that statute. (Id. at 7-8). Furthermore, he posits that uncorroborated testimony of a victim or a witness, standing alone, can support a finding of probable cause and that he "was not obligated to make a definitive credibility judgment about the accuracy of the accounts of the protagonists before making an arrest." (Id. at 9-10). As to the malicious prosecution claim, Cardé-Rosado also argues that Plaintiff fails to state a viable claim since no charges were filed against him. (Id. at 11).

In addition, Cardé-Rosado contends that Plaintiff failed to state a violation of substantive due process rights under the Fourteenth Amendment since "[t]he Supreme Court has ruled that pretrial deprivations of liberty should be addressed under the Fourth Amendment" and "a substantive due process claim under the Fourteenth Amendment cannot afford Plaintiff any type of relief". (Id. at 12). Moreover, Cardé-Rosado argues that he is entitled to qualified immunity at the pleading stage. (Id. at 12). As to the

Puerto Rico general tort statute claims, he posits that the Court should dismiss the supplementary law claims as well. (Id. at 16).

On August 24, 2026, *Plaintiff's Opposition on Defendant's Civil Rule 12(b)(6) Motion to Dismiss for Failure to State a Claim under 42 U.S.C. 1983* was filed. (Docket No. 13). Plaintiff argues that at the motion to dismiss stage he has plausibly alleged his claims and that factual and qualified immunity defenses require a more developed record. *See generally* (Id.). Plaintiff, however, does not oppose dismissal of his malicious prosecution claim to the extent that the commencement of criminal proceedings is a required element. (Id. at 17-18). He also recasts his Fourteenth Amendment claim as an alternative theory premised on the conditions under which he provided a written statement after his arrest. (Id. at 16-17).

## II. LEGAL STANDARD

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a defendant may move to dismiss an action when a plaintiff does not "state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A complaint should be dismissed when a plaintiff fails to "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (*quoting* Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A court is thus tasked with discerning whether the complaint "state[s] a plausible, not

a merely conceivable, case for relief." Sepulveda-Villarini v. Dep't of Educ. Of P.R., 628 F.3d 25, 29 (1st Cir. 2010) (*citing* Iqbal, 556 U.S. at 680).

A claim is plausible on its face when it "raise[s] a right to relief above the speculative level." Bell Atl. Corp., 550 U.S. at 555. "Plausible, of course, means something more than merely possible, and gauging a pleaded situation's plausibility is a context-specific job that compels [a court] to draw on [its] judicial experience and common sense." Zenon v. Guzman, 924 F.3d 611, 616 (1st Cir. 2019) (internal quotation marks omitted) (*quoting* Schatz v. Republican State Leadership Comm., 669 F.3d 50, 55 (1st Cir. 2012)). To survive a Rule 12(b)(6) motion to dismiss, a pleading must contain sufficient "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ocasio-Hernández v. Fortuño-Burset, 640 F.3d 1, 11 (1st Cir. 2011) (*quoting* Iqbal, 556 U.S. at 678). In considering a 12(b)(6) motion, the court accepts all well-pleaded factual allegations as true and draws all reasonable inferences in the plaintiff's favor. *See* id. at 7; *see also* Rodríguez-Reyes v. Molina-Rodríguez, 711 F.3d 49, 52-53 (1st Cir. 2013); Maldonado v. Fontanes, 568 F.3d 263, 268 (1st Cir. 2009).

"Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to state

a claim. Iqbal, 556 U.S. at 678. "Where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not shown—that the pleader is entitled to relief." Id. at 679 (citation modified).

To safeguard the rights of pro se litigants, courts should "construe liberally a pro se complaint". Ahmed v. Rosenblatt, 118 F.3d 886, 890 (1st Cir. 1997). That said, pro se plaintiffs are not insulated "from complying with procedural and substantive law." Id. The leeway afforded to pro se plaintiffs shields them when the Court "may intuit the correct cause of action, even if it was imperfectly pled," but it does not shield a litigant when the claim lacks the requisite factual support. Id.

## III. ANALYSIS AND APPLICABLE LAW

### A. Section 1983

Section 1983 "provides a remedy for deprivations of rights secured by the Constitution and laws of the United States when that deprivation takes place under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory." Lugar v. Edmondson Oil Co., Inc., 457 U.S. 922, 924 (1982) (internal quotation marks omitted). To prevail in a Section 1983 claim, a plaintiff "must allege facts sufficient to support a determination (i) that the conduct complained of has been committed under color of state law, and (ii) that [the alleged] conduct worked a denial

of rights secured by the Constitution or laws of the United States." Cepero-Rivera v. Fagundo, 414 F.3d 124, 129 (1st Cir. 2005) (*quoting* Romero-Barceló v. Hernández-Agosto, 75 F.3d 23, 32 (1st Cir. 1996)).

In his *Amended Complaint*, Plaintiff set forth claims of false arrest, malicious prosecution, and violation of his substantive due process rights under the United States Constitution. In the *Motion to Dismiss*, Cardé-Rosado has moved to dismiss all of Plaintiff's Section 1983 claims for failure to state a claim upon which relief could be granted. The Court will analyze whether the four corners of the *Amended Complaint* hold a plausible Section 1983 claim for each of the different claims the Plaintiff has set forth. Notably, the *Amended Complaint* names defendant Cardé-Rosado only thrice, so in reviewing the allegations in the light most favorable to Plaintiff, the Court will assume that the general allegations against Defendants also apply to Cardé-Rosado.

1. Fourth Amendment Claims

a. False Arrest

In his first cause of action, Plaintiff sustains that he has suffered damages as a result of his false arrest and detention in violation of his rights under the Fourth Amendment to the United States Constitution.

The Fourth Amendment protects individuals from unreasonable seizures, including arrests made without probable cause. U.S. Const. amend. IV; *see* Karamanoglu v. Town of Yarmouth, 15 F.4th 82, 87 (1st Cir. 2021). It is a "long settled principle" that the Fourth Amendment prohibits warrantless arrests not supported by probable cause. Fraser v. Mass. Bay Transp. Auth., 544 F. Supp. 3d 148, 156-57 (D. Mass. 2021) (*quoting* Prall v. City of Boston, 985 F. Supp. 2d 115, 122 (D. Mass. 2013)).

"In assessing section 1983 claims for false arrest, courts look to the law of the state in which the arrest occurred." Bird v. City of New Bedford, No. 17-12159-FDS, 2019 WL 4394914, at *4 (D. Mass. Sept. 13, 2019) (*quoting* McLennon v. City of New York, 171 F. Supp. 3d 69, 87 (E.D.N.Y. 2016)). Under Puerto Rico law, a cause of action for false arrest focuses on whether the arresting officers "lacked reasonable cause for believing that the suspect committed a[n offense]". Abreu-Guzmán v. Ford, 241 F.3d 69, 75 (1st Cir. 2001) (citation modified). Thus, to prevail on a claim of false arrest, the plaintiff must show that the arresting officers lacked probable cause to believe the plaintiff had committed a crime. *See* Jordan v. Town of Waldoboro, 943 F.3d 532, 545 (1st Cir. 2019), abrogated on other grounds by Thompson v. Clark, 596 U.S. 36 (2022). "The probable cause determination turns on 'whether ... the facts and circumstances within [the police

officer's] knowledge and of which they had reasonably trustworthy information were sufficient to warrant a prudent [person] in believing that' a crime was committed or was being committed." Deaton v. Town of Barrington, 100 F.4th 348, 356 (1st Cir. 2024) (*quoting* Beck v. Ohio, 379 U.S. 89, 91 (1964)).

At this stage in the proceedings, the Court must view the facts in the light most favorable to Plaintiff. However, the Court must "isolate and ignore statements in the complaint that simply offer legal labels and conclusions." Schatz, 669 F.3d 50, 55 (1st Cir. 2012). The Court need not credit legal or factual allegations that are "too meager, vague, or conclusory to remove the possibility of relief from the realm of mere conjecture." Douglas v. Hirshon, 63 F.4th 49, 55 (1st Cir. 2023).

Here, Plaintiff alleges that Cardé-Rosado was the police officer who arrested him. There is no dispute that Cardé-Rosado was acting under color of state law when he arrested Plaintiff. Thus, the Court turns to whether the alleged conduct plausibly worked a denial of Plaintiff's rights secured by the Constitution or federal law.

To determine whether Cardé-Rosado had probable cause to arrest Plaintiff, the Court considers the facts and circumstances known to the officers at the time of the arrest, as alleged by Plaintiff. In the *Amended Complaint*, Plaintiff asserts that the

warrantless arrest was effectuated "purportedly under the authority of Puerto Rico's domestic violence statute." (Docket No. 3 at 2). Notably, as Cardé-Rosado highlights, Puerto Rico's domestic violence statute, Law 54, expressly authorizes warrantless arrests for violations when an officer has grounds to believe that the person has committed or is committing such an offense. P.R. Laws Ann. tit. 8, § 638 (2025); Soto v. Flores, 103 F.3d 1056, 1060 (1st Cir. 1997). As to this, Plaintiff alleges that he was in the San Juan courthouse when law enforcement officers contacted him to confirm he was still present after the "postponement of the hearing due to nonappearance of the accuser." (Docket No. 3 at 2). Plaintiff goes on to assert that he was later arrested and that the "allegations forming the basis of the arrest arose from the same underlying facts as the pending civil dispute, which was known or should have been known to Defendants." (Id.). However, in the *Amended Complaint* Plaintiff fails to provide the details as to which civil dispute he is referring to and which one he claims moved Cardé-Rosado to arrest him.[2] Moreover, the *Amended Complaint* does not allege that Cardé-Rosado knew of Plaintiff's prior reports. Plaintiff alleges only that "[u]pon information and

---

[2] In the *Motion to Dismiss*, Cardé-Rosado indicates that a search in the Puerto Rico Judicial Branch webpage shows that Plaintiff has multiple active cases relating to domestic violence and family proceedings before the Court of First Instance, San Juan Part and Bayamón Part. *See* (Docket No. 10 at 2 n.1).

belief, such information was available within law enforcement records and accessible to Defendants at the time of Plaintiff's arrest." (Id. at 3). He adds that the "investigating officer who prepared the initial police report" recalled those prior reports. (Id.). Nonetheless, consistent with its reading of the *Amended Complaint* in the light most favorable to Plaintiff, the Court will assume that the information in Plaintiff's prior reports was known to Cardé-Rosado at the time of the arrest. As explained below, the false arrest claim fails even with the benefit of that assumption.

More importantly, Plaintiff's false arrest claim fails as a matter of law. Plaintiff concedes and accepts that a victim's statement may establish probable cause. (Docket No. 13 at 4). However, Plaintiff mainly bases his false arrest claim on the Defendants' failure to "obtain independent corroboration of the allegations" of domestic violence and to "verify the credibility, independence, or factual basis" of the alleged victim's statements prior to the arrest. (Docket No. 3 at 3). Yet, First Circuit caselaw indicates that "[v]ictims' complaints are a prime source of investigatory information for police officers. In the absence of circumstances that would raise a reasonably prudent officer's antennae, there is no requirement that the officer corroborate every aspect of every complaint with extrinsic information." Acosta v. Ames Dep't Stores, Inc., 386 F.3d 5, 10 (1st Cir. 2004).

"The uncorroborated testimony of a victim or other percipient witness, standing alone, ordinarily can support a finding of probable cause." Id. Moreover, officers do not bear an "unflagging duty" to investigate a situation fully before making a probable-cause determination. Id. at 11. In relying on Supreme Court precedent, the First Circuit has already "rejected the proposition that a police officer has a standing obligation to investigate potential defenses or resolve conflicting accounts prior to making an arrest". Holder v. Town of Sandown, 585 F.3d 500, 505 (1st Cir. 2009).[3]

Plaintiff argues that his prior reports, the lack of independent corroboration, and the absence of exigency were circumstances that should have raised a reasonably prudent officer's antennae. (Docket No. 13 at 4-6, 10-13). The Court is not persuaded. Even assuming that Cardé-Rosado knew of Plaintiff's prior reports, those reports concerned the accuser's alleged conduct toward Plaintiff months before the arrest. Nothing in the *Amended Complaint* suggests that they contradicted the specific accusation that prompted the arrest or revealed that the accuser's

[3] More so, in the context of an arrest for a suspected violation of Law 54, which directs officers to make an arrest without a warrant, when they have grounds to believe that a person has committed a violation of its provisions, even outside the officer's presence. P.R. Laws Ann. tit. 8, § 638 (2025). State law, however, does not define the Fourth Amendment inquiry; the dispositive question remains whether the arresting officer had probable cause. *See* Holder, 585 F.3d at 508.

account was untrue. At most, they reflect a contentious domestic and custodial dispute in which each party has accused the other. But probable cause to believe that one party to such a dispute committed an offense does not foreclose the existence of probable cause as to the other. *See* Karamanoglu, 15 F.4th at 91. Nor was Cardé-Rosado required to resolve the parties' competing accounts, or to make a definitive credibility determination between them, before making an arrest. *See* Holder, 585 F.3d at 505-06. Likewise, that the corroborating witness was allegedly aligned with the accuser does not alter the analysis, as corroboration was not required in the first place. *See* Acosta, 386 F.3d at 10. Finally, Plaintiff himself acknowledges that the timing of the arrest and the absence of exigency "do not independently negate probable cause." (Docket No. 13 at 5; *see also* id. at 13).

Moreover, Plaintiff alleges no facts that would have made it unreasonable for Cardé-Rosado to find the alleged victim's account credible. Simply alleging that the arrest was effectuated without further corroboration of the statements does not amount to a Fourth Amendment violation. "Where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not shown—that the pleader is entitled to relief." Iqbal, 556 U.S. at 679 (citation modified).

Thus, the Court finds that Plaintiff has not plausibly alleged that his arrest was not supported by probable cause. Given that Plaintiff does not allege a version of events wherein his Fourth Amendment rights were violated by the warrantless arrest, his false arrest claim must be dismissed.

b. Malicious Prosecution

Plaintiff alleges a malicious prosecution claim under both the Fourth and Fourteenth Amendments. Plaintiff does not oppose dismissal of this claim to the extent that the commencement of criminal proceedings is a required element. (Docket No. 13 at 17-18). Nevertheless, in light of Plaintiff's qualification and his alternative arguments in opposition, the Court will proceed to address the merits of the claim. To state a claim for malicious prosecution under Section 1983, a plaintiff must establish that the defendant "(1) caused (2) a seizure of the plaintiff pursuant to legal process unsupported by probable cause, and (3) criminal proceedings terminated in the plaintiff's favor." Hernández-Cuevas v. Taylor, 723 F.3d 91, 101 (1st Cir. 2013).

i. Malicious prosecution Under the Fourteenth Amendment

The Due Process Clause cannot serve to ground a federal malicious prosecution claim. No procedural due process claim can flourish when the State provides an adequate remedy for malicious prosecution. *See* Roche v. John Hancock Mut. Life Ins. Co., 81 F.3d

249, 256 (1st Cir. 1996) (holding that there is no substantive due process right under the Fourteenth Amendment to be free from malicious prosecution). A plurality of the United States Supreme Court has concluded that "substantive due process may not furnish the constitutional peg on which to hang" a federal malicious prosecution tort. Albright v. Oliver, 510 U.S. 266, 270 n. 4 (1994). The First Circuit has also followed that line stating that the Supreme Court has "closed the door on [Fourteenth Amendment] substantive due process as a vehicle for bringing such claims." Hernández-Cuevas, 723 F.3d at 98; *see also* Pérez-Ruiz v. Crespo-Guillén, 25 F.3d 40, 43 (1st Cir. 1994) ("[T]he availability of an adequate remedy for malicious prosecution under commonwealth law, *see* P.R. Laws Ann. tit. 31, § 5141 (1991), is fatal to appellants' procedural due process claim.").

Therefore, Plaintiff's malicious prosecution claim under the Fourteenth Amendment fails as a matter of law and must be dismissed.

ii. Malicious Prosecution Under the Fourth Amendment

On the other hand, the Fourth Amendment may serve, upon proper pleading and circumstances, as grounds to support a malicious prosecution claim. The First Circuit recognized Fourth Amendment malicious prosecution claims under Section 1983 in Hernández-Cuevas. 732 F.3d at 99-100.

The Court thus examines whether the facts alleged in the *Amended Complaint*, taken as true, state such a claim. Here, it is undisputed that Plaintiff was arrested, but that he was never charged. Thus, no criminal proceedings ever commenced against Plaintiff as a result of his arrest by Cardé-Rosado.

A claim of malicious prosecution permits damages for a deprivation of liberty—a seizure—pursuant to legal process. Heck v. Humphrey, 512 U.S. 477, 484 (1994). Generally, the offending legal process comes either in the form of an arrest warrant (in which case the arrest would constitute the seizure) or a subsequent charging document (in which case the sum of post-arraignment deprivations would comprise the seizure). Nieves v. McSweeney, 241 F.3d 46, 54 (1st Cir. 2001) (*citing* Singer v. Fulton Cnty. Sheriff, 63 F.3d 110, 117 (2d Cir. 1995)). The first scenario has no bearing here. Plaintiff was arrested without a warrant and, thus, his arrest—which antedated any legal process—cannot be part of the Fourth Amendment seizure upon which he bases his Section 1983 claims. Id. (*quoting* Meehan v. Town of Plymouth, 167 F.3d 85, 89-90 (1st Cir. 1999)).

To the extent that Plaintiff brings the claim under Section 1983, he must show, inter alia, the commencement or continuation of a criminal proceeding against him at Cardé-Rosado's behest and the "deprivation of a federally-protected right." Radfar v.

Covino, No. 25-1068, 2026 WL 36680, at *6 (1st Cir. 2026) (*quoting* Nieves, 241 F.3d at 53). Here, no criminal proceedings were ever commenced against Plaintiff, even though Commonwealth prosecutors considered bringing them, as he alleged in his *Amended Complaint*. *See* Kirby v. Illinois, 406 U.S. 682, 689 (1972) (indicating criminal proceedings are initiated by formal charge, preliminary hearing, indictment, information, or arraignment).

Plaintiff also questions his detention. The First Circuit has said that, "[i]f a plaintiff can overcome this causation problem and demonstrate that law enforcement officers were responsible for his continued, unreasonable pretrial detention, the plaintiff has stated a constitutional injury that may be vindicated through a § 1983 action." Hernández-Cuevas, 723 F.3d at 100. To hold officers liable for unlawful pretrial detention, Plaintiff must show that they (1) "lied to or mislead the prosecutors," (2) "failed to disclose exculpatory evidence," or (3) "unduly pressured the prosecutor to seek the indictment." Id. (citations omitted). There are no facts alleged in the *Amended Complaint* to support the contention that Defendants or specifically Cardé-Rosado did this. Therefore, the Court must dismiss the federal claim of malicious prosecution under Section 1983 pursuant to the Fourth Amendment.

c. Violation of Substantive Due Process Under the Fourteenth Amendment

The Fourteenth Amendment's substantive due process provision "functions to protect individuals from particularly offensive actions on the part of government officials." Pagán v. Calderon, 448 F.3d 16, 32 (1st Cir. 2006). It is not, however, a vehicle for constitutionalizing tort law such that liability follows wherever a state actor causes harm. Id. Consequently, the challenged conduct must be "so egregious as to shock the conscience" and it must deprive the plaintiff of "a protected interest in life, liberty, or property." Id. Crucially, "negligent conduct is 'categorically beneath the threshold of constitutional due process,' while 'behavior at the other end of the culpability spectrum,' i.e., 'conduct intended to injure in some way unjustifiable by any government interest,' is most likely to support a substantive due process claim." Cummings v. McIntire, 271 F.3d 341, 344 (1st Cir. 2001) (*quoting* County of Sacramento v. Lewis, 523 U.S. 833, 849 (1998)).

In his *Amended Complaint*, as to the violation of his substantive due process rights, Plaintiff alleges that Defendants arrested him without an adequate investigation into the allegations, in the context of a civil dispute, under circumstances lacking urgency, and was required to give a written statement while handcuffed. (Docket No. 3 at 3). As previously discussed, these

allegations are insufficient to make out a plausible substantive due process violation. Although the Due Process Clause, as interpreted by the Supreme Court in Brady v. Maryland, 373 U.S. 83 (1963), requires the government to disclose to a criminal defendant material exculpatory evidence, the Court held in Arizona v. Youngblood that "[u]nless a criminal defendant can show bad faith on the part of the police, failure to preserve potentially useful evidence does not constitute a denial of due process of law." 488 U.S. 51, 58 (1988). Thus, if Plaintiff seeks to vindicate his right to the preservation of any alleged exculpatory evidence—that is, the prior reports allegedly provided to the police regarding prior domestic violence incidents with the accuser/victim—he must make a showing of bad faith. Those allegations are simply absent from his *Amended Complaint*. Moreover, as previously addressed while reviewing the malicious prosecution claim under the Fourteenth Amendment, the Supreme Court has determined that substantive due process can afford Plaintiff no relief. Albright, 510 U.S. at 274-275 (noting that courts have "resisted relying on the Due Process Clause when doing so would have duplicated protection that a more specific constitutional provision already bestowed" (footnote omitted)). Therefore, Plaintiff's substantive due process claims brought under Section 1983 must also be dismissed.

d. Qualified Immunity

Because the Court has disposed of Plaintiff's claims under Rule 12(b)(6) for failure to state a claim as previously discussed, there is no need to address Cardé-Rosado's request to apply qualified immunity.

e. Supplemental Jurisdiction for Puerto Rico Tort Claims

Plaintiff alleges violations of parallel and additional rights afforded by the Puerto Rico Civil Code.

In the absence of any remaining federal claims, it is within the Court's discretion to retain supplemental jurisdiction over remaining state claims. Carlsbad Tech., Inc. v. HIF Bio, Inc., 556 U.S. 635, 639 (2009) ("A district court's decision whether to exercise that jurisdiction after dismissing every claim over which it had original jurisdiction is purely discretionary."). Where, as here, the federal claims are dismissed "at an early stage of the proceedings," a District Court is "well within its discretion to decline to exercise supplemental jurisdiction over pending state-law claims." Bonilla-Gonzalez v. Elevance Health Cos. of P.R., LLC, No. 24-1499 (RAM), 2024 WL 4769767, at *2 (D.P.R. Nov. 13, 2024) (collecting cases). Hence, in the interest of judicial economy, convenience, fairness, and comity, the court declines to exercise supplemental jurisdiction over the state claim. Thus, the Puerto Rico damages claims are dismissed without prejudice.

## V. CONCLUSION

For the reasons stated above, the Court **GRANTS** the *Motion to Dismiss*. Plaintiff's federal law claims against Cardé-Rosado and the unknown defendants[4] Jane Doe and John Doe are dismissed with prejudice, and the Puerto Rico law claims are dismissed without prejudice. Judgment shall be entered accordingly.

IT IS SO ORDERED.

In San Juan, Puerto Rico, November 17, 2026.

s/Gina R. Méndez-Miró
GINA R. MÉNDEZ-MIRÓ
UNITED STATES DISTRICT JUDGE

---

[4] Plaintiff had 90 days from the filing of his *Complaint* to substitute unknown defendants with the identified defendants, unless Plaintiff provided good cause for an extension. *See* Fed. R. Civ. P. 4(m) (requiring dismissal of the action against a defendant if not served within 90 days after the complaint's filing). This date passed on May 7, 2026.